COMMISSIONERS OF THOMAS COUNTY *v.* HOPKINS.

A judge of the superior court has no jurisdiction at chambers and in vacation to render a final judgment upon a verdict previously rendered at a regular term of the court.

Submitted January 26,— Decided March 31, 1904.

Practice in the Supreme Court.

*W. M. Hammond*, for plaintiffs in error.    *Theo. Titus*, contra.

SIMMONS, C. J. · A petition for mandamus was filed by Hopkins against the Commissioners of Thomas County. A demurrer to the petition was overruled, and a trial had. The jury found for the petitioner, and the defendants moved for a new trial. The motion was overruled, and the movants sued out a writ of error to this court. It was held that the case was prematurely here, as no mandamus absolute had ever been granted. The writ of error was dismissed, leave being given the plaintiffs in error to file their exceptions as exceptions pendente lite. *Commissioners* v. *Hopkins*, 118 *Ga.* 643. Subsequently the judge rendered a final judgment granting the mandamus absolute, and the defendants sued out another writ of error. The defendant in error filed a cross-bill of exceptions. Upon an examination of the record, we find that the judgment below was rendered at chambers and in vacation, and no order appears reserving the right to render the judgment at such a time.

The rendition of a judgment is a judicial act and must be performed in term, and a judgment rendered in vacation, in the absence of authority so to do, is absolutely void. 1 Black on Judg. (2d ed.) § 179. The verdict of the jury in the present case was returned during a regular term of the court, and there is no law in this State authorizing the rendition of a judgment in such a case in vacation. The judgment rendered was, therefore, a nullity, and must be disregarded. It follows that the status of the case is exactly the same as when it was here before. It was then said that "until a judgment granting a mandamus absolute is rendered, the case is still pending in the court below.". No lawful judgment having yet been rendered, the case is still pending in the court below, and this court has no jurisdiction to entertain the writ of error or the cross-bill. Whenever final judgment is rendered, the defendants may except and assign error upon the exceptions pendente lite. Inasmuch as leave was before granted the plaintiffs in error to file their bill of exceptions as exceptions pendente lite, we now grant leave to the defendant in error to withdraw his cross-bill of exceptions from the files of this court and file it in the court below as exceptions pendente lite.

*Writs of error dismissed. All the Justices concur.*